**MARS et al. v. McDOUGAL et al.**
**No. 171.**

Circuit Court of Appeals, Tenth Circuit.
April 4, 1930.
Rehearing Denied May 14, 1930.

J. T. Smith, of Sapulpa, Okl. (R. L. Wilkinson, Eugene B. Smith, Streeter Speakman, and James J. Mars, all of Sapulpa, Okl., on the brief), for appellants.

W. V. Pryor and L. O. Lytle, both of Sapulpa, Okl. (C. B. Rockwood and D. A. McDougal, both of Sapulpa, Okl., on the brief), for themselves and appellees Buell.

Nathan A. Gibson, of Tulsa, Okl. (Ernest B. Hughes and Hughes & Ellinghausen, all of Sapulpa, Okl., and West, Gibson, Sherman, Davidson & Hull, of Tulsa, Okl., on the brief), for appellees Jack, Hughes, and Bruner.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The appellants brought this action against the appellees to recover possession of an undivided one-half interest in 160 acres of land situate in Creek County, Oklahoma, commonly known as the allotment of Susie Crow, to quiet title thereto, to cancel certain deeds and to avoid certain prior judgments.

Susie Crow, a Creek allottee, died during her infancy in September, 1899. Upon selection, her allotment descended in equal undivided moieties to her maternal heirs (Fannie Fulsom and others) and to her father, Kernel Jack.

. Kernel Jack died in 1903, leaving surviving him two sons, Wallace Jack and Lolly Jack. Wallace Jack died in May, 1913, leaving his mother, Lusanna Brink, as his sole heir. Lusanna Brink died in April, 1922, leaving surviving her two daughters, Katie Robedeaux and Lizzie Gibbs, who were her heirs at law and the devisees under her will. All the above named persons, excepting Lolly Jack, were enrolled Creek Indians of the full blood.

Lolly Jack was a son of Kernel Jack and Tochee Grayson. Tochee Grayson was part Seminole and part Creek Indian, and was enrolled as a Seminole. Lolly Jack died in 1925, leaving surviving him a wife, Ada Jack, and a child, Melinda Jack.

The appellants claim as the successors of Lusanna Brink. The appellees, McDougal, Lytle, Pryor, Rockwood, Bartlett, J. Garfield Buell and Ethel E. Buell, claim through Wallace Jack and Lusanna Brink. The other appellees claim through Lolly Jack.

On January 22, 1913, Wallace Jack entered into a contract with McDougal and Lytle, by which Wallace Jack employed McDougal and Lytle to prosecute an action to establish Wallace Jack's interest in, and to recover possession of, such allotment. In such contract, Wallace Jack agreed, in the event an interest in the land should be recovered in such action, to convey to McDougal and Lytle, by warranty deed, a one-half interest in the land recovered. This contract was duly approved by the county court and duly recorded in the office of the recorder of deeds of Creek County, on the day of its execution. On January 24, 1913, pursuant to said contract, McDougal and Lytle brought suit against John Z. Cazy et al. in the district court of Creek County. The petition set forth three causes of action. The first, in

ejectment, the second, to quiet title, and, the third, for damages on account of unlawful detention. On February 17, 1915, Wallace Jack, without the knowledge or consent of McDougal and Lytle, filed in such suit his dismissal thereof with prejudice. Brink v. Canfield, 78 Okl. 189, 187 P. at page 225.

On February 11, 1915, Lolly Jack instituted a suit entitled Lolly Jack v. Wrightsman et al., No. 4233, in the district court of Creek County, Oklahoma, where the land involved is situate. He alleged he was the son of Kernel Jack and a brother of Susie Crow, and prayed for a recovery of his interest in such land. Lusanna Brink, by her attorneys, Pryor & Rockwood, intervened in that action. A final decree was duly entered under which Lusanna Brink was adjudged to have no interest in such allotment; Lolly Jack was adjudged to be the owner of an undivided one-fourth interest therein by inheritance from Kernel Jack, and McDougal and Lytle were adjudged to be the owners of an undivided one-eighth interest therein and specific performance was decreed of their contract with Wallace Jack. Lusanna Brink prosecuted an appeal therefrom to the Supreme Court of Oklahoma. On March 27, 1917, Lusanna Brink, by her counsel, stipulated that the judgment of the trial court in favor of Lolly Jack should be affirmed. Brink v. Canfield, 78 Okl. 189, 187 P. 223, 225. On the appeal, no question was raised as to the decree in favor of McDougal and Lytle. In the Supreme Court, the decree of the trial court was modified and Lusanna Brink was adjudged to be the owner of a one-eighth interest in such allotment, subject to the prior conveyance to Pryor and Rockwood. Brink v. Canfield, supra. Such prior conveyance was a deed dated July 10, 1916, by which Lusanna Brink conveyed to Pryor and Rockwood one-half of whatever interest she might recover in the allotment, in cause No. 4233.

On December 18, 1918, Lusanna Brink conveyed to H. U. Bartlett, by deed approved by the county court of Creek County and the Secretary of the Interior all her interest in such allotment.

On January 22, 1921, Lusanna Brink, by her guardian, C. C. Taylor, commenced a suit against H. U. Bartlett and A. A. Hammond, No. 9005, in the district court of Creek County, in which she sought to set aside the deed to Bartlett on the ground of mental incapacity, inadequacy of consideration and fraud. Bartlett filed an answer denying the allegations of her petition and by cross-bill set up his title and sought a decree quieting the same. The court found the issues for Bartlett; found that Lusanna Brink owned only a 1/16th interest in such allotment at the time of making the deed to Bartlett; found that Lusanna Brink had conveyed such interest to Bartlett by such deed and entered a decree quieting Bartlett's title to such 1/16th interest in the allotment.

On June 26, 1924, the United States, as guardian for Lusanna Brink and others, commenced a suit, No. 3191 Equity, in the United States District Court for the Eastern District of Oklahoma, against the appellees herein, who claimed through Wallace Jack and Lusanna Brink. In its bill, the government alleged the allotment of the land to Susie Crow, her death, the descent of such land, and the patents conveying such land. It further alleged that Lusanna Brink and Lolly Jack were each the owners of an undivided 1/4 interest in such land; that the defendants in No. 3191 were claiming interests adversely to them. It prayed that all deeds or other evidences of title be cancelled and the title of Lusanna Brink and Lolly Jack be quieted; and that an accounting be had of the rents and profits. In the bill in No. 3191, the defendants therein filed their answer setting up the prior conveyances, contracts and decrees. On January 19, 1925, upon motion of the United States, a decree of dismissal, with prejudice, was entered in No. 3191.

By their second amended petition herein, the appellants, as the successors in interest of Lusanna Brink, seek to recover possession of an undivided one-half interest in such allotment, to quiet their title thereto, to cancel the prior deeds, to set aside prior judgments and to have an accounting.

The appellees set up the deeds, contracts, prior litigation and decrees, above referred to, and denied the allegations of fraud and conspiracy.

Counsel for appellants contend that the decree in cause No. 3191 is not res adjudicata for the reason that the United States was without authority to bring an action in behalf of Lusanna Brink and then dismiss it with prejudice, without receiving some consideration for such dismissal.

■ It is well settled that the United States, as guardian of its Indian wards, may maintain a suit in its name to enforce restrictions upon the alienation of lands by such Indians and to set aside conveyances or contracts by which such restrictions have been transgressed. La Motte v. United States, 254 U. S. 570, 41 S. Ct. 204, 65 L. Ed. 410; United States v. Noble, 237 U. S. 74, 35 S. Ct. 532,

59 L. Ed. 844; Heckman v. United States, 224 U. S. 413, 32 S. Ct. 424, 56 L. Ed. 820; Bowling & Miami Inv. Co. v. United States, 233 U. S. 528, 534, 34 S. Ct. 659, 58 L. Ed. 1080.

Since the United States, acting through its Attorney General, has the power to maintain such a suit, it would be a strange situation, indeed, if the Attorney General could not dismiss such suit with prejudice upon discovery that it was groundless. We conclude that power is vested in the Attorney General, as the head of the department of justice, to initiate, control and dismiss such a suit. United States v. San Jacinto Tin Co., 125 U. S. 273, 281, 8 S. Ct. 850, 31 L. Ed. 747; United States v. Throckmorton, 98 U. S. 61, 70, 25 L. Ed. 93; United States v. Beebe, 127 U. S. 338, 342, 8 S. Ct. 1083, 32 L. Ed. 121.

A dismissal with prejudice is a decision on the merits and is a bar to a further action, under the doctrine of res adjudicata. Conner v. Cornell (C. C. A. 8) 32 F.(2d) 581; Ledbetter v. Wesley (C. C. A. 8) 23 F.(2d) 81; Hickey v. Johnson (C. C. A.) 9 F.(2d) 498.

Counsel for the appellants contend that the decree in No. 4233, in favor of Lolly Jack, is of no force and effect for three reasons: First, that Lolly Jack, not being a member of the Creek tribe, could not inherit from his father, Kernel Jack, a Creek Indian, so long as there were Creek heirs capable of inheriting, and they cite Knight v. Carter Oil Co. (C. C. A. 8) 23 F.(2d) 481, in support of this proposition. Second, that the marriage between Tochee Grayson and Kernel Jack was void because Tochee Grayson was the niece of Kernel Jack. Third, that Lolly Jack could only acquire an interest in such allotment by deed from Lusanna Brink, approved by the proper authority.

In No. 4233, the court found that, while Tochee Grayson was a niece of Kernel Jack, the latter had represented to Tochee Grayson that they were of no blood relation, and a common law marriage had been entered into between Kernel Jack and Tochee Grayson; that Lolly Jack was born the issue of that marriage.

The Oklahoma court had jurisdiction of the parties and of the subject matter and, having jurisdiction, its decree, whether right or wrong, is valid and binding and is res adjudicata until set aside by proper proceedings. Swift v. Jackson (C. C. A. 10) 37 F.(2d) 237; Gordon v. Ware Nat. Bank (C. C.

A. 8) 132 F. 444, 449, 67 L. R. A. 550. The fact that Lusanna Brink was a full blood Creek Indian does not alter the situation. Under section 6, art. 2, of the Constitution of Oklahoma, Lusanna Brink was authorized to sue in the district court of Creek County to establish her interest in such allotment. When she availed herself of that privilege and submitted herself and her cause to the jurisdiction of that court, she became bound by the decree entered therein the same as any other person. Fulsom v. Quaker O. & G. Co. (C. C. A. 10) 35 F.(2d) 84, 89. Counsel's argument that, under the provisions of section 9 of the Act of Congress approved May 27, 1908 (35 Stat. 315), Lusanna Brink could not dispose of her interest excepting by a conveyance approved by the proper county court, has no application because Lolly Jack made no claim through deed from Lusanna Brink.

We have examined the evidence. We doubt that the allegations of fraud, set up in the bill, were sufficient to avoid the judgment in a collateral attack, but, aside from this, there was no proof whatever to support such allegations.

The decree should be affirmed with costs.