## CREEK INDIANS NAT. COUNCIL et al. v. SINCLAIR PRAIRIE OIL CO. et al.

### No. 2802.

Circuit Court of Appeals, Tenth Circuit.
May 23, 1944.

H. F. Fulling, of Tulsa, Okl.. (W. R. Kerr, of Tulsa, Okl., on the brief), for appellant.

Summers Hardy and R. W. Garrett, both of Tulsa, Okl. (Edward H. Chandler and Robert L. Imler, both of Tulsa, Okl., and John H. Miley and John Rogers, both of Oklahoma City, Okl., and C. H. Rosenstein and Carter Smith, both of Tulsa, Okl., on the brief), for appellees.

Before PHILLIPS and MURRAH, Circuit Judges, and RICE, District Judge.

RICE, District Judge.

This suit was filed originally in the District Court of Creek County, State of Oklahoma by appellants[1] against Sinclair Prairie Oil Company,[2] a non-resident corporation, four other non-resident corporations which were never served with process, and ninety-eight individual defendants, forty-eight of whom were residents of Oklahoma. The record does not disclose that any one of the individual defendants was ever served with process. After removal of the cause to the United States District Court for the Northern District of Oklahoma, the Creek Indians National Council was, by amendment, eliminated and the cause thereafter proceeded as a class suit maintained by C. W. Ward and Washington Adams for and on behalf

---

[1] Hereinafter referred to as plaintiffs.

[2] Hereinafter referred to as Sinclair.

of themselves and all members of the Creek Tribe of Indians and their heirs.

The purpose of the suit was to recover for the Creek Tribe of Indians, or the members thereof, the Southwest Quarter (SW¼) of Section 16, Township 18 North, Range 7 East, which had been allotted in the name of Lete Kolvin who had been enrolled by the Dawes Commission as a full-blood member of the Creek Tribe of Indians. Thereafter, persons purporting to be the heirs of Lete Kolvin executed an oil and gas lease on the lands allotted. Oil and gas in large quantities were discovered and produced, the total value of which was alleged to be in excess of eight million dollars. Plaintiffs seek to recover this land and to have an accounting for the oil and gas produced therefrom on the theory that the land was never legally allotted and is still a portion of the unallotted land of the Creek Tribe of Indians. It is alleged in the petition that Lete Kolvin died prior to April 1, 1899, and was therefore not entitled to enrollment as a member of the Creek Tribe of Indians. See Act of Congress March 1, 1901, Sec. 28, 31 Stat. 870.

The cause was removed from the state court to the United States District Court for the Northern District of Oklahoma on the petition of Sinclair alone. After removal a summary judgment was entered in favor of Sinclair and other defendants, based upon the proposition that the judgment of the United States District Court for the Northern District of Oklahoma in No. 14 Equity was res adjudicata of the issues presented herein.

There are two questions presented by this appeal. (1) Did the trial court err in overruling plaintiffs' motion to remand? (2) Did the trial court err in sustaining the motions of the defendants for summary judgment?

The first question requires an examination of plaintiffs' original petition. The second requires an examination of the pleadings and judgment in No. 14 Equity.

■ Plaintiffs' original petition alleges in the first instance that the Creek Indians National Council is authorized under Acts of Congress to maintain the action. It then alleges that the Dawes Commission, purporting to act under certain laws passed by Congress "arbitrarily, fraudulently, and through error and mistake of fact, and without examination or justification" enrolled Lete Kolvin on May 23, 1901, as a full-blood Creek Indian, under Roll No. 8092. That Lete Kolvin died on or about February 1, 1899. The enrollment was alleged to have been "whimsical and arbitrary" and "without making any judicial investigation into the subject matter of the question before it and acting without any evidence of any kind, character or description proving or tending to prove Lete Kolvin was entitled to be enrolled * * * or that she was living or dead on April 1, 1899." That the act of enrolling Lete Kolvin violated provisions of Section 23 of the original Creek Agreement, 31 Stat. 861–867, and that the patent issued in the name of Lete Kolvin purporting to convey the land in question was illegally issued and void by reason of the illegal enrollment. The petition shows that in order to recover, it is necessary to cancel the enrollment of Lete Kolvin and the patent to the lands involved. Whether this can be done requires a consideration and construction of certain treaties entered into by and between the United States Government with the Creek Tribe and certain acts of Congress dealing with the Creek Tribe—the enrollment of its members and the allotment in severalty of the tribal lands to the individual members of the tribe. The right of original plaintiff to maintain the action depends entirely upon federal law. Clearly, the petition presents on its face a federal question—a controversy arising under the laws of the United States—a case of which the federal court would have original jurisdiction.[3]

■ Plaintiff, in its original petition, seeks to quiet its title, alleging that the defendants "claim some right, title, or interest in or to the land described herein, or to the proceeds from the oil, gas, and casinghead gas produced and sold from said lands since 1912, the exact nature of said claim or alleged or purported claims

---

[3] Sec. 24(1) Judicial Code, 28 U.S.C.A. § 41(1), First National Bank of Canton, Pa., v. Williams, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690; Jackson v. Gates Oil Co., 8 Cir., 297 F. 549; Wilson Cypress Co. v. Del Pozo, 236 U.S. 635, 35 S.Ct. 446, 59 L.Ed. 758; Wellsville Oil Co. v. Miller, 243 U.S. 6, 37 S.Ct. 362, 61 L. Ed. 559; Norton v. Larney, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413; King County v. Seattle School District, 263 U.S. 361, 44 S.Ct. 127, 68 L.Ed. 339; Jefferson v. Gypsy Oil Co., 8 Cir., 27 F.2d 304.

are unknown to this plaintiff", and then alleges, "Said defendants, or any of them" have no right, etc. The allegation as to the five corporate defendants is on information and belief that they are in possession of said lands and operating for oil and gas. The prayer, in addition to quieting title against the defendants, and each of them, is for an accounting from the operating defendants for all oil produced.

The petition nowhere alleges or attempts to allege a joint cause of action against the operating companies and the individual defendants. In our opinion it alleges a separable controversy as to each of the operating companies, the five non-resident corporate defendants. However, it might be *inferred* from the pleadings that plaintiff intended to allege that the five corporate defendants have jointly operated for oil and gas and claim under a common title. At most, then, there is a non-separable controversy as against the five corporate defendants which is entirely separable from the controversy with the individual defendants.

At the time Sinclair filed its petition to remove, it was the only defendant that had been served. Under this state of the record, the cause was removable. "Where there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared." Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 350, 83 L.Ed. 334. Furthermore, we think the petition stated a separable controversy as to each defendant. Preston v. Kaw Pipe Line Co., 10 Cir., 128 F.2d 162. Since the cause was removable on the grounds of separable controversy, it is not necessary to pass upon whether or not, there being a federal question, the defendant Sinclair alone could remove, it being the only defendant served at the time its petition for removal was filed.

The remaining question is whether or not there was error in sustaining the defendants' motions for summary judgment. This does not raise any procedural question. The proceedings in No. 14 Equity were admitted. The question hinges upon the effect to be given the judgment in No. 14 Equity.

No. 14 Equity was a suit begun by the United States of America [4] as No. 3220 Equity in the Eastern District of Oklahoma against Sinclair et al., having for its purpose the same result as plaintiff seeks herein. When the Northern District of Oklahoma was created, No. 3220 Equity was transferred there and became No. 14 Equity. Said suit was begun by the government, acting by and under the direction of the Attorney General and at the request of the Secretary of the Interior, in its own behalf, and on behalf of the Creek Tribe of Indians. The petition of the government makes the same allegations as a basis of recovery as plaintiffs made in the original petition herein, except that the words "fraud" or "fraudulently" are not used by the Government. The same facts, as distinguished from conclusions, are alleged in each petition, and identical relief is sought. In the progress of No. 14 Equity, the Attorney General of the United States became convinced that the government could not distinguish the case from United States v. Wildcat, 244 U.S. 111, 37 S.Ct. 561, 61 L.Ed. 1024, and United States v. Atkins, 260 U.S. 220, 43 S.Ct. 78, 67 L.Ed. 224, and directed the United States Attorney for the Northern District of Oklahoma to dismiss said suit with prejudice. The United States Attorney, accordingly, filed a motion to dismiss with prejudice, attaching to said motion a copy of the letter from the Attorney General of the United States. Pursuant to this motion the United States District Court, the Honorable F. E. Kennamer presiding, dismissed said suit with prejudice. The date of that judgment is December 14, 1925.

Plaintiffs do not now contend that the government did not have the right to commence and maintain No. 14 Equity. The right of the government to do so is too well established at this time to admit of argument. Plaintiff now contends that the government could not dismiss said cause with prejudice but was required to proceed to trial; and that there is nothing in United States v. Wildcat, supra, and United States v. Atkins, supra, to preclude plaintiffs from cancelling the enrollment of Lete Kolvin on the ground of fraud.

It is not necessary to discuss here the duties of the Dawes Commission and the effect of its judgment in enrolling a member of the Creek Tribe of Indians. The Supreme Court of the United States has discussed that question in detail in United States v. Wildcat, supra. Everything said

---

[4] Hereinafter referred to as the government.

there is applicable here. A reading of that decision in connection with plaintiffs' petition herein and the government's petition in No. 14 Equity shows clearly that plaintiff has nothing new to offer. Plaintiff has pleaded no new facts to establish fraud. The term "fraud" as used in its petition was a legal conclusion which, if justified, inhered in the government's petition in No. 14 Equity as well as in United States v. Atkins and United States v. Wildcat.

■ If the dismissal with prejudice by the government in No. 14 Equity was within its power, the judgment therein is res adjudicata, and the granting of summary judgment was proper. A dismissal with prejudice is an adjudication on the merits. Mars v. McDougal, 10 Cir., 40 F.2d 247.

■ The suit by the government in No. 14 Equity was not only in its own right, but for and in behalf of the Creek Tribe of Indians. A recovery therein would have inured to the benefit of the individual members composing the Creek Tribe. Apparently, the contention is now made that although the Creek Tribe may be barred from maintaining an action, the individual members of the tribe are not barred. This contention, we think, is without merit. The judgment bars both the Creek Tribe and the members of the tribe. Neither may again litigate the same question. The power of the government to dismiss No. 14 Equity with prejudice, and the binding effect of such a judgment of dismissal, is too well settled at this time to require further discussion.[5]

The judgment of the trial court is affirmed.

---

[5] Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820; Conner v. Cornell, 8 Cir., 32 F.2d 581; Mars v. McDougal, supra; Vinson v. Graham, 10 Cir., 44 F.2d 772.