**J. Ralph SAYLOR, Plaintiff,**

v.

**Thayer LINDSLEY et al., Defendants.**
**No. 65 Civ. 516.**

United States District Court
S. D. New York.

June 13, 1967.

Abraham I. Markowitz, New York City, for plaintiff.

Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, for defendants.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Plaintiff, a stockholder of defendant Tonopah Mining Co. of Nevada, brings this derivative action. He asserts, on behalf of his corporation, claims against its Directors, alleging violations of the Securities Act of 1933, 15 U.S.C. § 77a et seq., the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. and the Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq. Defendants Lindsley, Stott, Zeckhausen, Northfield Mines, Inc. and Tonopah Mining Co. move for summary judgment, asserting that the claim is barred by res judicata and the statute of limitations.

We find that as to the claim of res judicata there exists no genuine issue of fact. The only evidentiary affidavit submitted by plaintiff, that of Michael J. McLaughlin, controverts no fact put forth by defendants and essential to this decision. Summary disposition is accordingly appropriate.

### Res Judicata

A prior stockholders action was instituted in this Court on July 26, 1957 by Ray Hawkins, a Tonopah stockholder, against most of all the present defendants. That action was dismissed with prejudice by Chief Judge Ryan on July 27, 1961, and an appeal taken therefrom to the Court of Appeals was dismissed on October 23, 1961.

There is no question that the cause of action pleaded in the Hawkins complaint is, for purposes of the doctrine of res judicata, the same cause of action set forth by Saylor. An examination of both complaints reveals that both actions are based upon the same series of transfers made by the defendant directors, allegedly in breach of their fiduciary duties. Plaintiff's attorney, moreover, concedes in his Memorandum that both actions are based upon the same operative facts.

█ Plaintiff now contends that the causes of action are different in that additional legal theories for recovery are now propounded. This is contrary to basic principles of res judicata. A judgment in the first action extinguishes all claims which were or might have been pleaded. Pleading additional theories of recovery in a subsequent action does not destroy the underlying identity of the claim. Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed. 195 (1877); Koblitz v. Baltimore & Ohio Railroad Co., 164 F. Supp. 367 (S.D.N.Y.1958), aff'd 266 F. 2d 320 (2d Cir. 1959), cert. denied, 361 U.S. 830, 80 S.Ct. 80, 4 L.Ed.2d 72 (1959); Mathews v. New York Racing Ass'n., 193 F.Supp. 293 (S.D.N.Y.1961).

The applicable principle was set forth in Williamson v. Columbia Gas & Electric Corp., 186 F.2d 464, 470 (3rd Cir. 1950), cert. denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951).

The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day

after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not.

■ Chief Judge Ryan's dismissal of the Hawkins complaint on June 22, 1961 was amended on July 27, 1961 to specifically direct that the dismissal was to be "with prejudice." Such a dismissal with prejudice is a bar to a subsequent action. England v. Automatic Canteen Co. of America, 349 F.2d 988 (6th Cir. 1965), cert. denied, 383 U.S. 925, 86 S.Ct. 928, 15 L.Ed.2d 845 (1966); Smoot v. Fox, 340 F.2d 301 (6th Cir. 1964).

The orders signed by Chief Judge Ryan do not indicate the ground upon which he based his decision. However, the defendants' papers urged two reasons for dismissal: (1) Lack of prosecution (2) Failure to comply with the Court's order to post a security bond.

■ Under the express provisions of Rule 41(b), a dismissal for either of these reasons operates as an adjudication upon the merits unless the court otherwise specifies. Chief Judge Ryan, amending his order solely to specify "prejudice," made his intention clear.

We find plaintiff's reliance upon Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961) to be inapt. The Supreme Court there specifically approved a dismissal for either failure to prosecute or failure to obey a court order as operating as an adjudication upon the merits. These dismissals —with the others enumerated in Rule 41 (b)—

" * * * primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action." 365 U.S. at 286, 81 S. Ct. at 545.

■ Accordingly, a dismissal for failure to prosecute bars a subsequent suit on the same cause of action. Penn v. Rinaldi, 323 F.2d 913 (2d Cir. 1963). This rule, moreover, is applied when the suit is a class action, the courts recognizing that defendants, as well as plaintiffs, have rights to a speedy trial. Partridge v. St. Louis Joint Stock Land Bank, 130 F.2d 281 (8th Cir. 1940).

■ It is clear that an adjudication on the merits of a "true" class action binds all other members of the class. See Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); Dana v. Morgan, 232 F. 85 (2d Cir. 1916). An adjudication upon the merits in a stockholder derivative suit—a form of a true class action—is binding upon the corporation and upon all other stockholders. See Stella v. Kaiser, 218 F.2d 64 (2d Cir. 1954), rehearing denied, 221 F.2d 117 (2d Cir. 1955), cert. denied, 350 U.S. 835, 76 S.Ct. 71, 100 L.Ed. 745 (1955); Ratner v. Paramount Pictures, Inc., 6 F. R.D. 618 (S.D.N.Y.1942); Liken v. Shaffer, 64 F.Supp. 432 (N.D.Iowa 1946).

Plaintiff urges that this black letter rule not be applied in the instant case. Plaintiff, however, makes no allegation of fraud or collusion between plaintiff and defendants in the Hawkins action. Cf. Liken v. Shaffer, supra; Winkelman v. General Motors Corp., 39 F.Supp. 826 (S. D.N.Y.1940). Plaintiff's sole basis for relief is that his derivative suit should not be barred by what he claims was the negligent conduct of the plaintiff in the prior stockholders action.

It should be observed that in Hawkins case ample warning was given during the significant period of almost 2 years 10 months between the order directing the posting of bond and the dismissal with prejudice. Not even an attempt to make amends appears in the time (almost five weeks) between the orders of dismissal and dismissal with prejudice.

However, neither plaintiff's nor the Court's research has disclosed any au-

thority for the proposition that a civil litigant, having had his day in court, receives another by virtue of his alleged careless conduct of the first action. Nor are we aware of any case involving a class action wherein careless conduct of the litigation alone by a prior plaintiff representative of the class did not bar subsequent action by the class. Cf. Creek Indians Nat. Council v. Sinclair Prairie Oil Co., 142 F.2d 842 (10th Cir. 1944).

■ The equities upon which plaintiff must necessarily stand are substantially undercut by his own evidentiary affidavit. The affidavit of Michael J. McLaughlin (sworn to July 6, 1965) clearly demonstrates that McLaughlin has been the motor force in both actions. We further note the involvment of the present plaintiff's attorney in both law suits. Given such circumstances, we find no equitable basis for assuaging the rigor of the usual doctrine of res judicata.

■ We reject plaintiff's argument that to bind him the dismissal of the Hawkins' suit required notice to a non-present member of the class. Under the then existing procedure required by Rule 23 notice to members of a class was required only in the case of a voluntary dismissal or compromise of a class action. There was no requirement of notice before a dismissal on the merits. Hutchinson v. Fidelity Inv. Ass'n, 106 F.2d 431, 133 A.L.R. 1061 (4th Cir. 1939); Simeone, Procedural Problems of Class Suits, 60 Mich. 905, 934 (1962).

■ Plaintiff further contends that, in any event, those defendant directors who were not present in the first action should not be able to take advantage of the prior judgment. We disagree. The defensive use of a prior judgment by a stranger to the first action against the former plaintiff is clearly allowed. See First Congregational Church & Society of Burlington, Iowa v. Evangelical & Reformed Church, 305 F.2d 724 (2d Cir. 1962), cert. denied, 372 U.S. 918, 83 S.Ct. 728, 9 L.Ed.2d 723 (1963); Nichols v. Alker, 126 F.Supp. 679 (E.D.N.Y.1954), aff'd 231 F.2d 68 (2d Cir. 1956), cert.

denied, 352 U.S. 829, 77 S.Ct. 42, 1 L.Ed. 2d 51 (1956).

■ Accordingly, for the reasons stated above, the defendants who so move are entitled to summary judgment, the claim being barred by res judicata.

### Statute of Limitations

Having granted summary judgment upon the grounds that the prior litigation is res judicata, it is unecessary to determine whether, as defendants contend, the statute of limitations has run. We do not reach the question of whether the statute has been tolled by various actions. This issue, raising novel questions concerning the application of federal law, should not be reached unless necessary.

Moreover, we note that in any event the question concerning the statute of limitations could not ultimately dispose of this litigation by summary proceeding.

We accept, arguendo, defendant's contention that the applicable statute of limitations is the six years provided by the New York Civil Practice Act, sec. 48. However, in this action on a federally created right, the doctrine of Bailey v. Glover, 21 Wall. 342, 22 L.Ed. 636 (1875) holding that the limitation on a cause of action in fraud does not begin to run until the fraud is discovered would temper the rigor of the New York limitations period. See Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir. 1961), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961); Tobacco & Allied Stocks, Inc. v. Transamerica Corp., 143 F.Supp. 323, 328–329 (D.Del.1956), aff'd 244 F.2d 902 (3d Cir. 1957); 3 Loss, Securities Regulation p. 1776.

■ Defendants, however, correctly point out that plaintiff has the burden of pleading with specificity the circumstances of the fraud and its discovery if he is to gain the benefit of this rule. Moviecolor Limited v. Eastman Kodak Co., supra, at 88.

Plaintiff, while raising this issue in his Memorandum, has not properly set it forth in his pleadings. Here, however,

unlike the situation in *Moviecolor*, a proper exercise of discretion might allow plaintiff to amend his pleadings. Incidentally, the result of such an amendment standing alone would create a triable issue of fact, making the issue unsuitable for summary disposition. See Lowell Wiper Supply Co. v. Helen Shop, Inc., 235 F.Supp. 640, 646 (S.D.N.Y.1964).

### Injunctive Relief

Defendants move for an injection barring further litigation by other stockholders of Tonapah. In so doing, they rely upon the suggestion of our Circuit in Nichols v. Alker, supra, 231 F.2d at p. 80.

Defendants' motion is denied. We do not regard the facts here as showing such harassment as warranting this extraordinary relief.

For the reasons stated above, summary judgment for the defendants so moving is granted.

This shall be considered an order; settlement thereof is unnecessary.