**UNITED STATES of America**

**v.**

**Henry Donald FAIRHURST, Appellant.**

**No. 16687.**

United States Court of Appeals
Third Circuit.

Argued Nov. 2, 1967.

Decided Feb. 1, 1968.

---

Melvin Dildine, Chief, Appeals Division, Defender Assn. of Philadelphia, Philadelphia, Pa., for appellant.

Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, GANEY and SEITZ, Circuit Judges.

### OPINION OF THE COURT

GANEY, Circuit Judge.

Defendant-appellant plead "not guilty" on August 10, 1966, in the United States District Court for the Eastern District of Pennsylvania before Judge Lord, III, to an indictment charging him with the transportation, in violation of the Dyer Act, 18 U.S.C. § 2312, of a motor vehicle, known by him to have been stolen, from Salt Lake City, Utah, to West Goshen Township, Pennsylvania. On September 28, 1966, at a hearing before Judge Fullam, defendant's counsel asked for a "pre-trial" conference in chambers which he said might obviate the necessity of a trial. The record shows that after a short recess, defendant's counsel announced that defendant would change his plea. Before the defendant did so, the judge asked him if he were aware that by pleading guilty he would be admitting that he was guilty of the offense charged. The judge also warned him that by so pleading he would be subjected to a possible punishment of up to five thousand dollars fine and up to five years in jail. In answer to the question and warning, the defendant's reply was, "Yes, sir."

On January 10, 1967, after a pre-sentence investigation report of the defendant had been placed in the hands of Judge Fullam, that judge sentenced defendant to imprisonment for three years, "said sentence of imprisonment to date from August 10, 1966 [the date of his commitment on the Dyer Act charge], and is imposed under Title 18, U.S.C. § 4208(a) (2) whereby the defendant is to become eligible for parole at such time as the Board of Parole may determine." Before imposing sentence, Judge Fullam, pursuant to Rule 32(a) of the Federal Rules of Criminal Procedure, said he would listen to anything that either defendant or counsel may have to say. No one made any comment concerning a belief or understanding that a shorter sentence was to be imposed.

While serving his sentence imposed on January 10, 1967, defendant sent a letter, dated January 11, 1967, to Judge Fullam wherein he made the complaint that on September 28, 1966, prior to his coming before him and changing his plea of not guilty to guilty, the Voluntary Defender informed defendant that he had spoken with the court and that if he would plead

guilty, he would receive a sentence of not more than one day to one year and possibly probation. In the letter he emphasized that he would not have changed his plea except for this circumstance. Pursuant to the receipt of this letter, on January 16, 1967, Judge Fullam signed an order for reconsideration of the sentence and stated that at a hearing to be held on January 23, 1967, defendant could formally move for leave to withdraw his plea of guilty, if that was his intention, and could offer evidence in support thereof.

At the hearing held on January 23, 1967, defendant's counsel stated he had told defendant that although a judge is not bound by any agreement, Judge Fullam had indicated strongly at the "pre-trial" conference that a sentence of a year and a day was going to be imposed under § 4208(a) (2), Title 18, U.S.C., and that defendant had plead guilty in contemplation of receiving such a sentence. Counsel admitted that he might have stated the situation more srongly than he had authority to do, and that defendant may have interpreted it in a much stronger way than was warranted. He also stated: "Under these allegations, Your Honor, I think that to put the matter in proper procedural perspective what we would have here is a petition to vacate and to withdraw the plea of guilty." [1] He added that he did not think it was in the best interest of defendant to proceed this way, for if Judge Fullam allowed the motions, defendant might fare far worse because another judge could very well sentence defendant more severely and that these motions were being made to preserve defendant's peace of mind. Under oath and in answer to his counsel's questions as to whether it was his contention that he is in fact not guilty of the charge, defendant's reply was in the affirmative.

After the hearing, Judge Fullam vacated the sentence of January 10, 1967, allowed the plea of "guilty" to be withdrawn and a plea of "not guilty" to be entered and ordered the case continued for trial.

While he was being held in jail because of an outstanding detainer for a California parole violation, defendant wrote to Judge Fullam under date of February 4, 1967, and asked the court to set bail for his later appearance in court and at the same time protested his innocence of the charge against him.

Slightly over a month later, while he was still in jail, defendant wrote another letter dated March 3, 1967. This one was sent to Chief Judge Clary, and appealed to him to take into critical examination the present matter because a great injustice was being done him and if this case is not "advocated and amended it would be a defection in the furtherance of justice * * *." The letter then went on to state:

"The indictment is not a true bill. I've been incarcerated since August 10th, 1966 without sufficient evidence. When questioned by special agent Gentry Lowe, I gave a vivid account of what had occurred and stressed that by taking fingerprints from the vehicle the identity of the criminal would be detected * * *. I also asked them to verify that I had traveled by bus from California to Louisiana through the Grey-Hound Bus Co. * * *.

"There has been coercion on the part of my voluntary defender. This is evident in the hearing of January 23rd 1967. Although, at that time my vol. def. was ordered by the court to make reapplication for bail he has neglected to do this. I believe that my vol. def. * * * is incompetent and that I have not received the effective assistance of counsel. The voluntary defenders office would appear a sinecure, and because of this I find that I am being held without bail whatsoever.

---

[1]. That is, the "petition" was made under Rule 32(d) of the Rules of Criminal Procedure rather than pursuant to Rule 35 of these rules for reduction of sentence.

\*　\*　\*　\*　\*　\*

"I have also written to the Hon. John P. Fullam and vol. def. in reference to bail and asking that I might be freed on my own reconnaisance in respect that I've secured employment and residence here in Philadelphia. I have received no reply from either person.

\*　\*　\*　\*　\*　\*

"I sincerely hope that this appeal will warrant your attention and that you will see fit to act accordingly."

On March 20, 1967, Judge Fullam signed an order directing that the letters received by the court be made part of the record and that a hearing be held in connection with defendant's letters— application apparently requesting a change of counsel. Judge Fullam granted his request and also fixed bail at three thousand dollars in the event that the California "detainer" was non-existent.or proved to be invalid.

Twelve days later, defendant was tried on the Dyer Act charge before Judge Kraft, Jr., and a jury on April 3 and 4, 1967, and found guilty. Judge Kraft then sentenced him to pay a fine of five hundred dollars and to be committed to the custody of the Attorney General of the United States or his duly authorized representative for a term of four years and that he stand committed until he complied with the sentence. The judge made no comment on this sentence.

Defendant contends that Judge Kraft erred in inflicting a more severe sentence upon him than the one that had originally been imposed on him following his guilty plea.

In United States ex rel. Starner v. Russell, 378 F.2d 808 (C.A.3, 1967), cert. denied 389 U.S. 889, 88 S.Ct. 166, 19 L.Ed.2d 189, we held that a state court was not constitutionally prevented from imposing a greater sentence upon a defendant after he had been found guilty by a jury of charges to which he had previously plead guilty, and the former sentence following the plea of guilty had been vacated, and the plea changed to not guilty.

We see no constitutional impediment to a federal district court doing likewise under a similar chain of events. Nor do we know of any rule which the Supreme Court, in the exercise of its supervisory function over the lower federal courts, has proclaimed, that would stamp as being erroneous such action by a federal district judge. We decline to announce such a rule for this circuit.

Moreover, there is affirmative evidence in the record justifying the exercise of discretion in imposing a harsher sentence after the verdict of guilty. Judge Kraft, the second sentencing judge, in addition to having presided at the trial, had before him the transcript of the hearing before Judge Fullam for vacation of sentence and change of plea, and defendant's letter to Chief Judge Clary, and the one to Judge Fullam, dated February 4, 1967. Although he made no comment on the sentence, it is clear that Judge Kraft took these intervening facts into consideration in passing sentence, for at the sentencing hearing he questioned the defendant concerning them and defendant admitted he was guilty of the Dyer Act charge.[2]

The judgment of the district court will be affirmed.

2. There is respectable authority for the view that the imposition of a sentence greater than the one which had been imposed after a trial and then set aside on appeal is unconstitutional. Marano v. United States, 374 F.2d 583 (C.A.1, 1967); Patton v. State of North Carolina, 381 F.2d 636 (C.A.4, 1967); Whaley v. State of North Carolina, 379 F.2d 221 (C.A.4, 1967).

But see the case of United States v. White, 382 F.2d 445, 449 (C.A.7, 1967), holding that the second sentencing court should be permitted to impose a greater sentence after retrial if circumstances disclosed in a pre-sentence report warrant such a step, without requiring that the particular facts bearing upon the exercise of its discretion be affirmatively disclosed.