Mildred **DOLGOW** et al., Plaintiffs-Appellants,

v.

Dillon **ANDERSON** et al., Defendants,

and

**Monsanto Company** et al., Defendants-Appellees.

No. 728, Docket 71–2102.

United States Court of Appeals, Second Circuit.

Argued April 3, 1972.

Decided June 20, 1972.

Avrom S. Fischer, Brooklyn, N. Y., for plaintiffs-appellants.

John A. Wilson, New York City, (Shearman & Sterling, Michael J. DeSantis, Lawrence G. Golde and John S. Williams, New York City, of counsel), for defendant-appellee Monsanto Co.

John L. Davidson, Jr., St. Louis, Mo., for defendant-appellee Mercantile Trust Co. National Ass'n, in its Capacity as Executor of the Estate of defendant Edgar M. Queeny, deceased.

Roy H. Steyer, New York City (Sullivan & Cromwell, David W. Peck, James W. Bowers and Richard G. Lyon, New York City, of counsel), for individual defendants-appellees.

Before MOORE and SMITH, Circuit Judges, and WEINFELD, District Judge.*

PER CURIAM:

On the petition for a rehearing, this court remanded "for the preparation of findings and conclusions in accordance with Judge Weinstein's original intention announced at the time of the ruling on the motion for summary judgment." 438 F.2d 825, at 833. Judge Weinstein complied with this direction in a 63-page opinion (dated November 5, 1971) which included 126 specific findings of fact (Findings 1–126) and 16 conclusions of law (Conclusions 127–142). Opinion unreported. In an opinion of 72 pages (dated October 21, 1971) relating to the class action aspect of the case, Judge Weinstein made 85 specific findings of fact (Findings 1–85) and 16 conclusions of law (Conclusions 86–101). 53 F.R.D. 664, 671–686. The lengthy prior proceedings are to be found in Dolgow v. Anderson, 438 F.2d 825; 43 F.R.D. 21 and 472; 45 F.R.D. 470; and 53 F.R.D. 661.

To characterize the decision of Judge Weinstein as on a motion for summary judgment in the sense that "summary judgment" is customarily used would be a misnomer. In actuality it was a decision rendered after plaintiffs had had protracted discovery for more than a year, entailing examination of thousands of pages of documents, depositions of top officers of Monsanto, examination of scores of volumes of minutes of the Board of Directors, minutes of the Executive and Finance Committees of Monsanto, 1,000 press releases and some 7,600 pages of internal corporate memoranda and documents, three days of evidentiary hearings of Monsanto officers and others at which ten witnesses were produced (some 10 volumes), almost two years of fact exploration by plaintiffs and after remand three days of examination and cross-examination (485 pages) of an expert witness called by plaintiffs. Plaintiffs' counsel also submitted an affidavit on remand. The court found that neither the expert's affidavit nor three days' testimony nor counsel's affidavit added "any material facts or present[ed] any genuine issue of material fact to be tried." Findings 46, 47, Summary Judgment Decision. It was on the basis of the evidence produced at what was virtually a full scale trial that Judge Weinstein after a meticulous review of the evidence concluded that "137. Construing every scrap of evidence adduced or that might be ad-

---

* Of the Southern District of New York, sitting by designation.

duced in a way most favorable to plaintiffs, no reasonable jury could find that defendants, or any of them, have committed the offenses alleged in the complaints as supplemented by the affidavits and further charges of plaintiffs' counsel."

In our remand we had suggested that "apparent issues pointed out in our opinion may in fact have been considered by the trial court to have been denuded of substance by evidence before it, such as the extent of review of the raw data by others than defendants, and the evidence as to revelation of start-up costs, investment tax credit and treatment of proceeds of sale of land."

These facts and all other material facts were considered by Judge Weinstein. Under the sub-heading "Reporting of the Investment Tax Credit, Start-up Costs, and the Disposition of Certain Real Estate", he made specific findings with respect to these items. Findings 92–94 (investment tax credits); Findings 95–98 (start-up costs); and Findings 99–102 (sale of land). His conclusion was that:

"141. Any apparent issues, including those referred to in the opinions of the Second Circuit dated September 2, 1970 and January 18, 1971 [United States v. Fairhurst], 388 F.2d 825, 833, regarding the extent of review of the raw data by others than the individual defendants and the revelation of start-up costs, investment tax credit and treatment of proceeds of sale of land are without merit and present no genuine issues of material fact to be tried."

The trial judge has thus satisfied himself that based upon all the material specified in Rule 56(c) plus six days of evidentiary hearings in which plaintiffs had full opportunity for examination and cross-examination that "There is no genuine issue as to any material fact" including the two issues made the subject of our remand. He also considered the class action aspect of the case "without respect to whether summary judg-

ment is granted" and concluded that the "action shall not be maintained as a class action."

In the light of Judge Weinstein's compliance with our remand, his findings of fact and conclusions of law and our reconsideration, we affirm the order of October 21, 1971, holding that the action "shall not be maintained as a class action" and the order of November 5, 1971, that summary judgment be entered dismissing the action with prejudice in favor of each of the defendants, with costs to defendants.