See also, D.C., 341 F.Supp. 1026.

**BROOKHAVEN HOUSING COALITION et al., Plaintiffs,**

v.

**Arthur F. SAMPSON, Administrator, General Services Administration, et al., Defendants.**

**No. 71-C-1001.**

United States District Court, E. D. New York.

Nov. 22, 1974.

Richard Bellman, Yonkers, N. Y., Lewis M. Steel, New York City, for plaintiffs.

David G. Trager, U. S. Atty., for defendant Arthur F. Sampson Administrator, General Services Administration; Cyril Hyman, Asst. U. S. Atty., of counsel.

AMENDED OPINION FOR PUBLICATION IN FEDERAL SUPPLEMENT

JUDD, District Judge.

MEMORANDUM AND ORDER

Defendant Sampson has moved to dismiss the action for failure to state a claim on which relief can be granted or, in the alternative, to dissolve the preliminary injunction previously issued in this case.

*Facts*

The suit seeks to require the General Services Administration (GSA) and the Internal Revenue Service (IRS) to provide assurance of adequate housing for low income and minority persons in the Town of Brookhaven, including employees or prospective employees of the new IRS building at Holtsville in the Town of Brookhaven and to enfore alleged obliga-

tions of the Town of Brookhaven to provide such housing.

The court has determined that the case could be maintained as a class action, by Memorandum and Order dated July 25, 1972, and has directed the posting and publication of notice to the class, by Order dated September 13, 1972.

The motion to dismiss on behalf of defendant GSA raises questions of the standing of the various plaintiffs and of their right to bring the action in the light of the recent decision of the Court of Appeals for the Second Circuit in Acevedo v. Nassau County, 500 F.2d 1078 (1974). Plaintiffs assert that the *Acevedo* case is inapplicable because, among other things, some members of the class which they represent are employed at the IRS Center, and live in sub-standard housing or pay exorbitant rents for housing because of the inability to obtain decent low income housing in the Brookhaven area. The names and addresses of any such affected members of the class represented by plaintiffs have not yet been submitted to the court.

### Discussion

Since this is a class action, the motion to dismiss raises questions under F.R. Civ.P. 23, which provides in subdivision (e):

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

There are holdings that the rule requiring notice of a proposed dismissal or compromise does not apply to an order of dismissal on the merits. Dolgow v. Anderson, 53 F.R.D. 664 (E.D.N.Y.), aff'd on other grounds, 464 F.2d 437 (2d Cir. 1971); Baham v. Southern Bell Tel. & Tel. Co., 55 F.R.D. 478 (W.D. La.1972); Saylor v. Lindsley, 274 F.

Supp. 253 (S.D.N.Y.1967), rev'd on other grounds, 391 F.2d 965 (2d Cir. 1968); Daugherty v. Ball, 43 F.R.D. 329 (N.D. Cal.1967). The theory of these decisions is that a dismissal on the merits is free of the possibility of collusion, which is the basic reason for requiring notice. All the cases cited were decided before there had been any determination that they could be maintained as class actions. In the *Dolgow* case, the court had conducted lengthy hearings before the motion for summary judgment was made, and had determined that there was not enough likelihood of success to justify maintaining it as a class action.

In a different situation, it has been held that notice of proposed dismissal should be given, in order to allow for intervention by some other member of the class if he desires to do so. Washington v. Wyman, 54 F.R.D. 266 (S.D. N.Y.1971). One court has held that intervention by individual class members should not be permitted where the original plaintiffs were not qualified to represent the class. Lidie v. State of California, 478 F.2d 552, 555 (C.C.A. 9th 1973). This decision is not applicable here, in spite of defendant's assertion that the original plaintiffs do not have standing, because the defendant's motion is based on a Court of Appeals decision which was handed down after the filing of the complaint and the determination of the class.

The proposition that notice is not necessary for any dismissal on the merits is too broadly stated, at any rate. It may be futile to publish notice before dismissal after there has been a full hearing on the merits, or in a case where the class is adequately represented and it is fairly clear that no member of the class could have added anything of significance. It is "another ball-game" when the motion to dismiss is based in part on the argument that the representatives of the class have not shown any individual harm that can be remedied.

In view of the representation by plaintiffs that there are members of the class who have standing different from the named plaintiffs, it appears desirable to give them an opportunity to be heard before the action is dismissed. One of the grounds for the Court of Appeals decision in the *Acevedo* case, 500 F.2d at 1083, was that the particular plaintiffs

> have not shown, or even alleged, any harm from the building's impact upon "social and economic conditions in the area" which would differentiate them sufficiently from the general public to constitute an "injury in fact."

In this case the complaint alleges individual injuries, and the class includes people who may have suffered individual injuries.

There is an alternative holding in the *Acevedo* case that the Executive Order and Memorandum of Understanding which were referred to there do not create a private right of action which would extend to the appellants. However, the court concluded (p. 1084) that "We need not determine the precise scope of GSA's duties until a suit has been brought by the proper party at the proper time." Whether this suit involves "the proper party at the proper time" should not be determined until the members of the class have had an opportunity to be heard.

Defendants assert that notice is necessary only in actions arising under Rule 23(b)(3) and not in actions under Rule 23(b)(2). In this circuit, however, the Court of Appeals has ruled that due process requires notice in both cases. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564–565 (2d Cir. 1968). The *Eisen* case dealt with the initial notice to the class, but it is appropriate to apply the rule also in connection with a dismissal, especially where the dismissal is based on intervening law and class members may have thought that their interests were adequately protected by the original twenty-six plaintiffs. More recently in Cranston v. Hardin, 504 F.2d 566 (2d Cir. 1974), the Court of Appeals stated that "in actions under (b)(1) and (b)(2) it is sufficient if the notice is reasonably calculated to apprise the members of the pendency of the action."

Before a motion to dismiss is granted on the basis that the original representatives of the class have no standing, there should be notice reasonably calculated to apprise the other members of the pending motion to dismiss.

A form of notice, different from that proposed by plaintiff, is annexed to this Memorandum and Order.

It is ordered that defendant Arthur F. Sampson give notice of the motion to dismiss the action by posting on the bulletin boards in the IRS facility at Holtsville and by publication in Newsday once between November 27 and December 5, 1974 of a notice in the form attached, directing that any objections be filed or presented to the court at a further hearing on the motion on December 13, 1974 at 11:00 a. m.