Kathy CAMPAGNUOLO, on her own behalf and on behalf of her minor daughter, Dawn Marie Campagnuolo, and Hilda Garner, on her own behalf and on behalf of her minor son, Julius Garner, and all others similarly situated, Plaintiffs-Appellants,

v.

John HARDER, individually and as Commissioner of Welfare of the State of Connecticut, Defendant-Appellee.

No. 736, Docket 35817.

United States Court of Appeals, Second Circuit.

Argued March 19, 1971.

Decided March 29, 1971.

William H. Clendenen, Jr., New Haven, Conn. (David M. Lesser, Kenneth R. Kreiling, Stuart Bear, New Haven, Conn., on the brief), for plaintiffs-appellants.

James M. Higgins, Asst. Atty. Gen. (Robert K. Killian, Atty. Gen. of the State of Connecticut, on the brief), for defendant-appellee.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,[*] District Judge.

PER CURIAM:

This is an appeal from an order, D.C., 319 F.Supp. 414, of the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, Judge, granting defendant-appellee's motion to dismiss the appellants' complaint brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) challenging certain provisions of the Connecticut welfare laws as unconstitutional.[1] The court below was of the view that it lacked the requisite subject matter jurisdiction under section 1343(3) following Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) and Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969) which held that jurisdiction existed under this section only when rights of "personal liberty" as opposed to rights of "property" were at issue.

Since the ruling of the court below, this court has had occasion to re-examine the *Hague* formula as applied in the welfare context in Johnson v. Harder, 438 F.2d 7 (2d Cir. 1971). We there concluded:

Since welfare cases by their very nature involve people at a bare subsistence level, disputes over the correct amounts payable are treated not merely as involving property rights, but some sort of right to exist in society, a personal right under the Stone formula. (At 12.)

The complaint in this action alleges that under the applicable state welfare statutes and regulations the appellee has created arbitrary and unreasonable classifications in violation of the Equal Protection Clause of the Fourteenth Amendment in that in determining whether a person who is employed may still be entitled to welfare benefits in order to bring the family unit up to what the state has defined as minimum subsistence certain deductions of work-related expenses are allowed to persons who are self-employed, but disallowed to those who are employees. As a result, appellants contend, the actual income available to support the family unit is substantially below the state-defined minimum. These allegations clearly raise a "colorable" constitutional issue and also come within the jurisdictional guidelines laid down in Johnson v. Harder, *supra*.

Under the applicable three-judge court statute (28 U.S.C. § 2281) only such a three-judge court has the power to enjoin the operation of a state statute on the grounds of its unconstitutionality. (Cf. Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853 (2d Cir. 1960); Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129 (2d Cir. 1967);

---

[*] Chief Judge, United States District Court for the District of Connecticut, sitting by designation.

1. Connecticut General Statutes, Section 17-2(2) (1969). Department of Welfare, Bulletin #2445.

Rosado v. Wyman, 414 F.2d 170 (2d Cir. 1969).) This court, therefore, has no power to reach the merits of appellants' claims. The case is remanded with direction that a properly constituted three-judge court be convened.