440 F.2d 687
 Annie ROBERSON, on her own behalf and on behalf of her minor grandchildren, and all others similarly situated, Plaintiff-Appellant,
v.
John HARDER, individually and as Commissioner of Welfare of the State of Connecticut, Defendant-Appellee.
 No. 758.
 Docket 71-1003.
 United States Court of Appeals, Second Circuit.
 Argued March 19, 1971.
 Decided March 29, 1971.
 
 William H. Clendenen, Jr., New Haven, Conn. (David M. Lesser, Kenneth R. Kreiling, Steven P. Floman, New Haven, Conn., on the brief), for plaintiff-appellant.
 James M. Higgins, Asst. Atty. Gen. (Robert K. Killian, Atty. Gen. of State of Connecticut, on the brief), for defendant-appellee.
 Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, Judge, dismissing the above entitled action on the grounds that the district court lacked jurisdiction under 28 U.S.C. § 1343(3). On the authority of the recent opinion of this court in Johnson v. Harder, 438 F.2d 7, 11 (2d Cir., 1971), the order of the district court is reversed.
 
 
 2
 The plaintiff-appellant, Mrs. Annie Roberson, lives with her grandchildren, the minor plaintiffs, and is their supervising relative under the Aid to Families with Dependent Children Program (hereinafter "AFDC") administered by the defendant-appellee, the Connecticut Commissioner of Welfare. For four years, Mrs. Roberson has been employed as a clothes sorter. She earns approximately $200 per month. Her necessary work-related expenses for transportation, lunch costs, work clothing, social security, and day care amount to approximately $104 per month.[1] For three years prior to November 30, 1969, Mrs. Roberson and the minor plaintiffs have been receiving AFDC and medical assistance payments from the state. Effective November 30, 1969 the appellee terminated Mrs. Roberson's medical assistance and her share of the AFDC award.
 
 
 3
 Under the practice of appellee when the AFDC family is headed by the children's employed mother or father, their eligibility for incentive earnings payments is determined by measuring available income against total family need. When the employed adult relative is not the mother or father, however, the appellee measures the relative's income against her needs only. The appellant contends that this practice constitutes a violation of the equal protection clause since it establishes irrational and arbitrary classifications. These allegations clearly present a "colorable" constitutional claim. Since the dispute involves a question of whether the appellee had reduced payments below the state-defined level of subsistence, jurisdiction is properly founded under section 1343(3) following Johnson v. Harder, supra.
 
 
 4
 The appellant also raises the same issues raised in Campagnuolo v. Harder, 440 F.2d 1225 (2d Cir. 1971), challenging section 17-2 of the Connecticut General Statutes as to the determination of allowable work-related expenses. There, as here, remand is required.
 
 
 
 Notes:
 
 
 *
 Chief Judge, United States District Court for the District of Connecticut, sitting by designation
 
 
 [1]
 Counsel for appellee stated at oral argument that the appellant was no longer employed. Without deciding at this juncture whether this action can appropriately be maintained as a class action under Rule 23 there appears to be no problem as to mootness since the appellant's claim to retroactive benefits remains to be adjudicated