440 F.2d 1229
 Annie Mae ROBERTS, on her own behalf and Anne Douglas, on her own behalf, and all others similarly situated, Plaintiffs-Appellants,
v.
John HARDER, individually and as Commissioner of Welfare of the State of Connecticut, Defendant-Appellee.
 No. 714.
 Docket 35816.
 United States Court of Appeals, Second Circuit.
 Argued March 19, 1971.
 Decided March 29, 1971.
 
 David M. Lesser, New Haven, Conn. (William H. Clendenen, Jr., Kenneth R. Kreiling, Margaret Freeston, New Haven, Conn. on the brief), for plaintiffs-appellants.
 James M. Higgins, Asst. Atty. Gen. (Robert K. Killian, Atty. Gen. of the State of Connecticut, on the brief), for defendant-appellee.
 Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 This is an appeal from an order, 320 F.Supp. 1313, of the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, Judge, dismissing plaintiff-appellant's complaint which seeks to enjoin certain provisions of the Connecticut welfare laws as unconstitutional. We find no error and affirm the judgment.
 
 
 2
 The appellant, Mrs. Annie Mae Roberts, is a recipient of welfare benefits under the Aid to Families with Dependent Children program. In January, 1970 Mrs. Roberts did not receive her regular monthly welfare check apparently because it was either never sent or lost in the mail. She applied for a reissuance of the check which she received on January 23, 1970. In the meantime she had been unable to pay her rent which had been due on January 1, 1970. On January 14, 1970 Mrs. Roberts' landlord applied to the Welfare Department to have that part of the assistance award allocated to rent to be paid directly to him pursuant to Connecticut General Statutes 17-2f which provide (in part):
 
 
 3
 (a) In any case involving a tenancy from month to month or for a term of years calling for monthly rental payments, upon written complaint, under oath, made by the landlord of a welfare recipient, to the district director of the welfare district office handling the welfare payment in such case, that such welfare recipient has failed to make payment of rent for the current month, after ten days subsequent to the date when such rent was due, all subsequent rental payments, until the termination of the tenancy or until the tenant quits the premises, shall be made directly to the landlord, and the amount of such rental shall not be included in the payment made to such welfare recipient.
 
 
 4
 The appellant contends that this statute violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The court below did not find it necessary to reach any determination as to the merits of appellant's claims, since it was of the view that the court lacked the requisite subject matter jurisdiction under 28 U.S.C. § 1343(3). We agree with the district court's conclusions in this regard.
 
 
 5
 This court has recently had occasion to comment on the jurisdictional problems raised by section 1343 with some frequency. Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969); Rosado v. Wyman, 414 F.2d 170 (2d Cir. 1969); Johnson v. Harder, 438 F.2d 7 (2 Cir. 1971); Tichon v. Harder, 438 F.2d 1396 (2 Cir. 1971). The basic issue as set forth in these cases revolves around the distinction first made by Mr. Justice Stone in Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), which establishes jurisdiction under section 1343 only in those cases where "personal" as opposed to "property" rights are at issue. In Johnson we further refined this standard as applied in the context of welfare recipients, and there held that where disputes exist as to the total amount of the payments to which a recipient is entitled, jurisdiction will be upheld since "disputes over the correct amounts payable are [to be] treated not merely as involving property rights, but some sort of right to exist in society, a personal right under the Stone formula" (438 F.2d at 12).
 
 
 6
 It is obvious that the present case does not fit within the Johnson formula. The appellant receives exactly the same total benefits as she received prior to the landlord's application under the protective payment statute. There has been no attempt to reduce the total payments to appellant below what the state has defined as the minimum subsistence level.
 
 
 7
 The appellant contends that she is being deprived of the right to utilize certain statutory and common law rights under state law to force the landlord to make necessary repairs to the premises. As the court below noted, however, there is no indication that the State Welfare Department could not or would not, on request, exercise these rights in appellant's behalf. In any event, there does not appear to be any constitutional deprivation involved in this regard.
 
 
 8
 We agree with the court below that there are undoubtedly persuasive policy arguments favoring the direct payment of benefits to eligible recipients rather than by-passing the recipient as this statute provides. We also are of the view that the statute was obviously never intended by the state legislature to apply to the situation in which Mrs. Roberts found herself. Her monthly check had been omitted or lost through no fault of her own. Indeed, if this incident is typical of the administrative incompetence and lack of flexibility of the welfare bureaucracy, it is little wonder that the entire welfare system throughout the nation stands on the brink of collapsing under its own weight. These are not, however, questions for the federal courts.
 
 
 9
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Chief Judge, United States District Court for the District of Connecticut, sitting by designation