**Stanley V. TUCKER, Plaintiff-Appellant,**

v.

**Joseph D. MAHER, Lawrence J. Levesque, L & M Electric Co., Inc., William Kotchen, Commissioner of the Superior Court of the State of Connecticut, and Anthony DeLaura, Deputy to the Sheriff of Hartford, Defendants-Appellees.**

**No. 707, Docket 71–1025.**

United States Court of Appeals, Second Circuit.

Argued March 19, 1971.

Decided April 9, 1971.

Stanley V. Tucker, pro se.

Edmund T. Curran, Hartford, Conn. (William R. Moller, Hartford, Conn., of counsel), for defendants-appellees.

Before MOORE and SMITH, Circuit Judges, and TIMBERS,* District Judge.

PER CURIAM:

This is an appeal from order of the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, Judge, dismissing a complaint brought pursuant to 42 U.S.C. § 1983 seeking a declaratory judgment that Connecticut's prejudgment attachment statutes, specifically Connecticut General Statutes §§ 52–279, 52–280 and 52–285 are unconstitutional.

The claims arise out of certain real property owned by plaintiff-appellant in Hartford, Connecticut. The attachment was effected on behalf of L & M Electric Company, Inc. in connection with a contract action brought in the state courts seeking to recover payment for certain electrical work performed at the attached premises. In that action the electric company sought to recover $3,000 and the attachment is for this amount.

The court below did not find it necessary to reach the merits of appellant's claim since it was of the view that the court lacked subject matter jurisdiction either under 28 U.S.C. § 1331 (requiring an amount in controversy in excess of $10,000) or 28 U.S.C. § 1343. This disposition was clearly correct.

Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939) stands for the proposition that jurisdiction under section 1343 does not lie unless the rights

---

* Chief Judge, United States District Court for the District of Connecticut, sitting by designation.

which the plaintiff seeks to vindicate are of the nature of "personal" as opposed to "property" rights. This court has considered this question on a number of occasions, most recently in Johnson v. Harder, 438 F.2d 7 (2 Cir. 1971) and Tichon v. Harder, 438 F.2d 1396 (2 Cir. 1971). In those cases we affirmed the continuing validity of Mr. Justice Stone's formula in *Hague* where the rights at issue are solely those of property. (See, Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969)). A three-judge court in this circuit has recently considered the same issues raised by appellant here and likewise found subject matter jurisdiction to be lacking. Lynch v. Household Finance Corp. and Toro v. Camposano, 318 F.Supp. 1111 (D.Conn.1970). The Supreme Court has recently noted probable jurisdiction in the *Lynch* case, 401 U.S. 935, 91 S.Ct. 962, 28 L.Ed.2d 214 (1971). Pending further instructions from the Supreme Court on this matter, we continue to follow the personal vs. property rights distinction. Judgment affirmed.