Chester WASHINGTON, on behalf of himself, his family and all other persons similarly situated, Plaintiffs,

Robert Battle et al., Applicants for Intervention,

v.

George K. WYMAN, individually and as Commissioner of the New York State Department of Social Services, and Jack Goldberg, individually and as Commissioner of the New York City Department of Social Services, Defendants.
No. 70 Civ. 3964.

United States District Court,
S. D. New York.
April 22, 1971.

John DeWitt Gregory, Community Action for Legal Services, Inc., New York City, Reginald Matthews, Queens Legal Services, Jamaica, N. Y., for plaintiffs; Toby Golick, Jamaica, N. Y., John C. Gray, Jr., Brooklyn, N. Y., George Roden-hausen, Lawrence J. Fox, New York City, of counsel.

John DeWitt Gregory, Community Action for Legal Services, Inc., Marttie Thompson, M.F.Y. Legal Services, New York City, William Haley, Queens Legal Services Corp., Long Island City, N. Y., for intervenors-plaintiffs.

Louis J. Lefkowitz, Atty. Gen., State of N. Y. by A. Seth Greenwald, Asst. Atty. Gen., New York City, for defendant George K. Wyman.

J. Lee Rankin, Corp. Counsel, City of New York by Victor P. Muskin, New York City, for defendant Jack Goldberg.

MOTLEY, District Judge.

## OPINION

The original complaint in this action, filed as a class action by plaintiff Chester Washington against George K. Wyman, Commissioner of New York State Department of Social Services and Jack Goldberg, Commissioner of New York City Department of Social Services, combines two substantive issues: 1) whether the New York City Department of Social Services Procedure Number 70–30 (hereinafter "70–30") is violative of the constitutional rights of welfare recipients to pretermination hearings established in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (hereinafter "pretermination issue"); [1] and 2) whether the New York City Department of Social Services' practice of housing recipients in "welfare hotels" at great expense, and the Department's refusal to pay lesser amounts to house these recipients in apartments violates the Equal Protection Clause of the Constitution and the Social Security Act (hereinafter "welfare hotel issue").

The decision as to the merits of these claims is not, at this time, before the court. Rather the court is asked to issue a preliminary injunction, pursuant to

---

[1]. Procedure 70–30 provides that pretermination hearings need not be given when a client "request[s] discontinuance of assistance" or when a client's budget is reduced "on the basis of information supplied by the client."

Rule 65, Fed.R.Civ.P., restraining the enforcement of 70–30 and enjoining the defendants from pursuing certain policies and practices relative to "welfare hotel" residents versus apartment house residents, existing rent schedules, and the allowance of exceptions to the existing schedules.

The motion for preliminary injunction is reached for determination in a factual and legal context that has been unduly complicated by: (1) the filing of a complaint on behalf of a plaintiff who never had a claim regarding the pretermination issue; (2) the filing of numerous motions for intervention apparently made necessary by the failure or mootness of the original plaintiff's claim; (3) the failure of counsel for plaintiff to move for the determination of this action as a class action within the time specified by the local rules of this Court, S.D.N.Y. Rule 11A; and (4) the inadequate briefing of the welfare hotel issue by both sides.

Consequently, prior to reaching the question of whether preliminary relief should be granted, the court must decide a number of other motions. The first motions to be decided are those relating to intervention. A motion has been made for an order allowing Fernando Gomez and Margaret Cranley to intervene in the original action with respect to the pretermination issue. The court must also decide a similar motion applicable to the "welfare hotel" issue, except that the intervenors are Marva Gregory and Robert Battle.

The essential facts, as alleged in the complaint, are summarized below.

The original complainants, Chester Washington and his family of seven, were burned out of their Manhattan apartment in February of 1970. Immediately after the fire plaintiff, who is a wage earner [2] and was not on welfare, and his family of seven were temporarily placed in the Manhattan Hotel by the New York City Departments of Relocation and Social Services. These hotel accommodations, which cost $1,350 per month for two rooms, were paid for by the Department of Social Services pursuant to federal statutes and city regulations.[3] The Washingtons remained in these "temporary" living quarters for eight months enduring conditions which, according to their affidavit, were practically intolerable.[4] During this period the family searched for suitable apartments which would meet with the approval of the Department of Social Services. Each time they found an apartment they were told that the rent for the apartment, which was usually about $250.00 per month, was outside the guidelines of the Department.

Finally, in what plaintiff describes as "complete desperation", he moved his family into a six and one-half room apartment in Queens which rented for $295.00 per month. He then asked his social worker to approve payment to him of $180 per month which would make up the increased costs of the new apartment. The Department refused to do so because the apartment was not within the financial guidelines established by the

2. According to the affidavit of Maurice Robinson, Deputy Commissioner of Social Services, Mr. Washington's income is approximately $12,000 per year. This does not appear to be correct. At a state fair hearing held on November 12, 1970 it was determined that Mr. Washington's income had been wrongly computed and that his family was entitled to A.F.D.C.

3. According to defendant Wyman's regulations emergency assistance in a welfare hotel is limited to 30 days in any 12

month period. 18 N.Y.C.R.R. 372.1. Federal standards require this limit. 42 U.S.C. § 606(e) (1). Thus, continuing emergency assistance beyond 30 days may violate the above regulations and statutes. Additionally, as such payments are restricted, i. e., they can be used only for the hotel costs, they may violate § 406 (b) of the Social Security Act.

4. See Complaint filed in this action on September 10, 1970.

Department for a family of eight. The complaint further alleges that the aid to the plaintiff was terminated without notice and without a pretermination hearing. Plaintiff, at the time the complaint was filed, argued that based on the above facts his rights were being violated in two ways. First, that the termination of benefits without a pretermination hearing violated the mandate of Goldberg v. Kelly, *supra*, and, second, that payment of exorbitant "welfare hotel" rates and the refusal to pay lesser apartment rentals violated equal protection.

The above facts, culled from the complaint, are not, however, the facts as they exist at this time. First, the claimed violation of Goldberg v. Kelly, *supra*, is nonexistent. It was admitted during the course of this litigation that plaintiffs had, in fact, received a notice of proposed discontinuance of assistance prior to its termination, with an opportunity to request a hearing. Plaintiffs further admitted that no hearing was requested.[5] Second, a state fair hearing has since been held to decide whether plaintiff Washington is entitled to partial payment of the rent of the $295.00 per month apartment. At that hearing, the plaintiff and his family were granted full relief retroactive to June 23, 1970.

Since the occurrence of the above events, the lawyers for plaintiffs have attempted to give new life to the lawsuit in a number of ways. They have attempted to revive the Goldberg v. Kelly issue by making motions for intervention on behalf of Gomez and Cranley whose benefits were either reduced or terminated without a pretermination hearing. As to the "welfare hotel" issue, the lawyers for plaintiff have made motions to intervene on behalf of intervenors Gregory and Battle. These proposed intervenors are residents of "welfare hotels" and assert that they wish to move to apartments whose rent exceeds the Department's guidelines.[6]

Based upon the facts elicited above, defendants claim that the case has become moot and is incapable of supporting the additional plaintiffs who seek to intervene. This contention rests on the assumption that in order to have a class action, at least one plaintiff must continue to be a representative of the purported class. Since Washington never had a pretermination claim and has been given full relief on his "welfare hotel" claim, defendants argue that the whole action must be dismissed as moot.

It is important to note that the plaintiff's claims became "mooted" in two different ways. He never had *any* claim regarding the pretermination issue and, therefore, the question of whether that cause of action should be dismissed is different from whether or not the "welfare hotel" issue should be dismissed.

When the complaint was filed, Washington had a good claim regarding the "welfare hotel" issue and was a proper representative of the purported class.

To say that the "welfare hotel" issue is mooted because it may be mooted as to the single original harmed plaintiff is contrary to Rule 23(e), Fed. R.Civ.P. which prohibits dismissal or compromise of a class action if the result would be to harm the other members of a purported class. Gaddis v. Wyman, 304 F.Supp. 713 (S.D.N.Y.1969) (Mansfield, J.). Before dismissal, the Rule provides for notice to the class. Fed.R.Civ.P. 23 (e). The obvious purpose of this is to allow for intervention by some other member of the class if he desires to do so.

Defendants are harmed rather than aided by their argument that a court

---

5. Plaintiffs claimed that they were confused by the representations made to them by their case worker as to the distinction between a pretermination hearing and a state fair hearing.

6. See affidavit of Marva Gregory filed September 29, 1970 and affidavit of Robert Battle filed on October 19, 1970.

has never determined that a class action exists. The rule is that from the time of the filing of the complaint until the Rule 23 determination by the court, an action is assumed to be a class action for purposes of dismissal or compromise. Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324, 326 (E.D.Pa.1967); Gaddis v. Wyman, *supra,* 304 F.Supp. at 715; and see Berger v. Purolator Products, Inc., 41 F.R.D. 542 (S.D.N.Y.1966) (Bryan, J.).

This holding that an action commenced as a class action retains that character until a court determines otherwise is supported by the Advisory Committee's note on the 1966 amendments to Rule 23.[7]

Therefore, as no class determination was made at the time the motion for intervention was filed, a class action as to the "welfare hotel" issue must be presumed to have existed at the time of the filing of the motion for intervention.

■ Marva J. Gregory and Robert Battle filed motions to intervene pursuant to Rules 23 and 24 Fed.R.Civ.P. The intervenors are residents of "welfare hotels" who wish to move to apartments that rent in excess of the Department's guidelines, yet rent at a price well below their present hotel accommodations. Because plaintiff Washington has received the relief he sought, intervention in this class action "by persons properly members of the class" should be permitted to protect the interests of the class and the intervenor applicants who may no longer be "adequately represented by existing parties." Fed.R.Civ.P. 24(a). The fact that the intervenors remain residents of the hotels and have not, like Washington, risked moving to apartments and having their benefits cut off is not significant. The intervenors allege by way of affidavits that they wish to move from the "welfare hotels" to apartments. The affidavits further state that the intervenors have found apartments with rentals somewhat in excess of the rent guidelines but that these apartments were not approved and that they were threatened with loss of benefits if they moved. (See affidavits of Marva Gregory and Robert Battle.) The scheme the Department has set up threatens them with the alleged denial of equal protection. Therefore, applicants Gregory and Battle are permitted to intervene in this action. Gaddis v. Wyman, *supra.*

Defendants' motion to declare that part of the action regarding the "welfare hotel" issue moot is denied. The intervenors represent the interests of the class of which they are members and a declaration of mootness is improper in this case. Kelly v. Wyman, 294 F.Supp. 887, 891 (S.D.N.Y.1968).

■ An additional reason exists for not holding the "welfare hotel" issue moot. The case raises questions with important public consequences. The intervenors have asserted that the relief granted to the named plaintiff was exceptional and done only in an attempt to moot the case. Thus, the defendants have failed to show that "there is no reasonable expectation that the wrong will be repeated." United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Defendants should not be allowed to defeat important rights by granting the named plaintiff in a class action the relief he seeks. Defendants have nowhere asserted that they will cease housing people in welfare hotels, although other less expensive accommodations are available. The case is not moot. Jenkins v. United Gas Corp., 400 F.2d 28 (5 Cir. 1968).

■■ This is not the situation, however, with regard to the pretermination issue. Plaintiff Washington never was, even at the time the complaint was filed, a proper representative of the purported class. This fact is significant in dealing with the question of whether the pretermination issue should be dismissed. A

7. Gaddis v. Wyman, *supra,* 304 F.Supp. at 715.

plaintiff without a claim, should not, simply by making class action allegations, be allowed to bring suit. Additionally, intervention should not be permitted under Rule 24(a), Fed.R.Civ.P., for there is no chance that "the disposition of the action may as a practical matter impair or impede [intervenor's] ability to protect [his] interest." Nor should intervention be permitted pursuant to 24(b), Fed.R.Civ.P., for the intervenors cannot possibly have a claim or defense in common with a plaintiff who never had a claim. Therefore, applicants Cranley and Gomez's motions to intervene are denied. Further, as plaintiff Washington never had a claim with regard to the pretermination issue, that part of the action must be dismissed pursuant to 12(b) (6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted.

■ Defendant Wyman has moved to dismiss the "welfare hotel" action for failure to comply with S.D.N.Y. Rule 11A which requires that a motion must be made by the party claiming class relief within 60 days after the complaint is filed. Although no motion to make this a class action has as yet been filed, because of the importance of the issue raised, the court grants the intervenor plaintiffs 20 days from the date of this order to file such a motion. Such relief is authorized by Rule 11A of the Civil Rules of this Court.

■ In addition to the foregoing motions, the court must first decide defendants' motions to dismiss the complaint before reaching the motion for preliminary injunction. Defendant Wyman's motion to dismiss the complaint for lack of subject matter jurisdiction is denied. Jurisdiction in this case is predicated upon the Civil Rights substantive and jurisdictional statutes. 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) and (4). "Since welfare cases by their very nature involve people at a bare subsistence level, disputes over the correct amounts payable are treated not merely as involving property rights, but some sort of right to exist in society, a personal right under the Stone formula." Johnson v. Harder, 438 F.2d 7, 12 (2d Cir. 1971); Campagnuolo v. Harder, 440 F.2d 1225 (2d Cir. 1971); Roberson v. Harder, 440 F.2d 687 (2d Cir. 1971).

■ The motions of defendant Wyman and defendant Goldberg to dismiss the complaint for failure to state a claim upon which relief may be granted are also denied. The original complaint and the complaint of the intervenor-plaintiff Marva J. Gregory state a colorable constitutional claim. That claim is a claim of denial of equal protection of the laws resulting from alleged irrational and arbitrary classifications regarding rent allowances for those living in welfare hotels and those who move out into cheaper accommodations. Cf. Campagnuolo v. Harder, *supra*, Roberson v. Harder, *supra*. There is a second colorable constitutional claim in the intervenor's complaint of denial of due process of law arising from alleged granting of exceptions to existing rent schedules on the basis of unguided discretion. This second claim arises out of the subsequent treatment of Washington after his complaint was filed.

With respect to the first claim the intervenor's complaint alleges:

Intervenor-plaintiff Gregory and her family were forced to move into the Hotel Earle in April 1970. Conditions in the hotel are intolerable. The family is living in three rooms which contain only three beds. Three of the children share one bed, two children share another and Mrs. Gregory and her sixth child share the last.

The rooms have no kitchen facilities. There is a small hot-place [sic] and an inadequate small refrigerator with no freezer. Sonsequently, [sic] the family must eat all cold meals or in restaurants. The hotel is occupied by many addicts and alcoholics whose presence only makes conditions less tolerable.

The Department of Social Services pays $259.70 per week for these incredible accommodations for the Gregory family. This translates into approximately $1,100 PER MONTH. In addition, the Department must pay Mrs. Gregory $98.00 every four days for a restaurant meal allowance. This adds an additional $735 burden to the extraordinary costs the defendants incur rather than permit the Gregory family to move into suitable apartment quarters at a much lower cost. However, Mrs. Gregory is deterred from moving out of the Hotel Earle and into an apartment which costs more than the Department regulations, since she knows that all assistance will then be terminated.

Defendants' refusal to assist those in need of emergency housing who live in relatively inexpensive apartment accommodations while aiding those who endure the trauma of the "welfare hotels" creates an unconstitutional classification which violates the equal protection clause of the fourteenth amendment in that their is no rational basis to support the discriminatory scheme.

With respect to the second claim the intervenor alleges that:

Defendants' rental schedule is obsolete, bears no reasonable relation to the realities of New York City apartment crisis, and is illegal under the Social Security Act. In addition, its provisions for the granting of exceptions on the basis of unbridled discretion violates the due process clause of the fourteenth amendment.

There is still a third colorable statutory claim which reads:

Defendants' refusal to permit recipients to supplement their regular rental allowance from funds in their general budget violates the "money payment principle" of the Social Security Regulations. HEW, Handbook of Public Assistance Administration, Part IV, § 5120.

The relief sought is a declaratory judgment that: 1) defendants' practice of refusing to provide assistance for rent of those recipients in emergency need of housing who have found suitable apartment accommodations is unconstitutional; 2) the present rental schedule applicable in New York City is illegal; and 3) defendants' procedure for granting exceptions thereunder is unconstitutional.

A preliminary and permanent injunction are also sought enjoining defendants from refusing to provide assistance for rent to recipients in emergency need of housing who have found suitable apartment accommodations; enjoining defendants from preventing recipients from spending funds in their general budget for rent; and restraining defendants from refusing to approve apartments for assistance payment except in accordance with a constitutional procedure.

In view of these colorable constitutional claims and the relief sought, which can be granted by a single judge since only a local practice is alleged to be involved in the "welfare hotel" issue, the complaint cannot properly be dismissed. Cf. Johnson v. Harden, *supra*.

Accepting the allegations in the complaint as true, as we must on a Rule 12 (b) (6) motion, " . . . the complaint may not be dismissed 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim' . . .". Build of Buffalo, Inc. v. Sedita, 441 F.2d 284, 287 (2d Cir. 1971).

The hearing on the motion for preliminary injunction is continued as to the "welfare hotel" issue on the ground that there are numerous disputed issues of fact requiring a full hearing on the merits, as illustrated by the opposing affidavits, motions and briefs. There is also presented by the "welfare hotel" issue a new and complex issue regarding important rights of welfare recipients but nev-

**274**

ertheless requiring prompt hearing and determination on the merits.

The court therefore orders the trial of the action on the merits advanced and consolidated with the hearing on the application for a preliminary injunction.

So ordered.