Annette LINNANE, on behalf of herself,
her minor children, and all persons
similarly situated

v.

Joseph W. BETIT, Commissioner of Social
Welfare of the State of Vermont.

Civ. A. No. 6046.

United States District Court,
D. Vermont.

Sept. 13, 1971.

John A. Dooley, III, Vermont Legal
Aid, Inc., Burlington, Vt., for plaintiff.

Martin K. Miller, Asst. Atty. Gen. of
Vermont, Montpelier, Vt., for defendant.

## OPINION AND ORDER

LEDDY, Chief Judge.

Plaintiff, Annette Linnane, is a resi-
dent of Burlington in the State and Dis-
trict of Vermont. Plaintiff brings this
action on behalf of herself, her four
minor children and all persons similarly
situated. On August 19, 1970, plaintiff
applied for ANFC benefits (Aid to Needy
Families with Dependent Children) for
herself and her children because of the
estrangement of her husband. The

Vermont Department of Social Welfare held plaintiff's application in abeyance for sixty (60) days pursuant to regulations of the Vermont Department of Social Welfare recorded as Vermont Family Services Policy Manual § 2331.2 (March 15, 1969).[1] In Vermont, such departmental regulations have the force and effect of law. 3 V.S.A. § 803(c). Defendant admits that plaintiff, except for the sixty day requirement, was otherwise eligible on the date of her application and further admits in retrospect that plaintiff's children were deprived of parental support on the date of plaintiff's application, that is August 19, 1970.

If plaintiff had been granted ANFC benefits for the sixty day period following her application she would have received $462.00. Instead, she received General Assistance funds in the amount of $383.22 for the sixty day waiting period.

This suit for declaratory and injunctive relief was filed on September 25, 1970, alleging civil rights jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) based upon the claim that the regulations of the Vermont Department of Social Welfare requiring a sixty day waiting period in desertion or estrangement cases violated plaintiff's rights guaranteed by the equal protection clause of the Fourteenth Amendment of the United States Constitution. Plaintiff also claims that the Vermont regulations conflict with section 406(a) of the Social Security Act, 42 U.S.C. § 606(a) and the regulations of the Department of Health, Education and Welfare enacted pursuant thereto.

Because of the constitutional issue and request for injunctive relief, a three-judge court was convened pursuant to 28 U.S.C. §§ 2281 and 2284 on October 9, 1970. However, because of the obligation of the District Courts to pass upon statutory claims as opposed to constitutional claims whenever possible, the case was remanded to this Court on April 13, 1971, to be decided by a single judge because the three-judge court unanimously agreed that the issue presented could be resolved solely upon the statutory claim. *See* Rosado v. Wyman, 397 U.S. 397, 403, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

Defendant asserts that this Court lacks the requisite subject matter jurisdiction under 28 U.S.C. § 1343(3). Defendant bases his claims on Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939), and Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), which together hold that jurisdiction under section 1343(3) exists only when rights of "personal liberty" are at issue, as opposed to rights of "property."

Since this action was filed, there have been important decisions in this Circuit examining the *Hague* formula in detail in the welfare rights context. In Johnson v. Harder, 438 F.2d 7, 12 (2d Cir. 1971) the Court concluded that,

> [s]ince welfare cases by their very nature involve people at a bare subsistence level, *disputes over the correct amounts payable* are treated not merely as involving property rights, but some sort of right to exist in society, a personal right under the Stone [*Hague*] formula. [emphasis added].

*See also* Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971); Campagnuolo v. Harder, 440 F.2d 1225 (2d Cir. 1971); Roberson v. Harder, 440 F.2d 687 (2d Cir. 1971); Roberts v. Harder, 440 F.2d 1229 (2d Cir. 1971); Tucker v. Maher, 441 F.2d 740 (2d Cir. 1971).

██ Thus it is clear that this Circuit is bound to the *Hague* formula of Mr. Justice Stone. Subject matter jurisdiction under section 1343(3) is lacking when only property rights are contested.

---

1. Vermont Department of Social Welfare Family Services Policy Manual § 2331.2 provides in relevant part as follows:
 A child is "deprived of parental support" by continued absence of a parent for any of the following reasons:

* * *

2. desertion of a parent for an actual period of 60 days or more;
3. estrangement of parents for an actual period of 60 days or longer;

However, in a welfare case where the total amount of benefits owing to a recipient is disputed, a personal right issue exists making jurisdiction proper under section 1343(3). It is also clear that the *Hague* formula will apply to those cases where claimants base their right to relief upon a federal statutory right as well as those cases where the right claimed under is constitutional. Tichon v. Harder, 438 F.2d 1396, 1403 (2d Cir. 1971).

■ In this case, defendant admits that if plaintiff had not been subject to the Vermont sixty day regulation which plaintiff now contests, she would have received increased benefits during the sixty day period alleged to be violative of federal law by way of inconsistency. In short, plaintiff would have received $462.00 in ANFC benefits as opposed to the $383.22 she actually received under the General Assistance program, a difference of $78.78. Such a sum might appear to be unworthy of our attention, but to a welfare recipient even a trifling sum is significant in the day to day attempt to survive with four dependent children. We therefore find the issue in the present case within the interpretative guideline of section 1343 (3) jurisdiction set out by the Second Circuit in Johnson v. Harder, *supra,* since the State's position as to the cor-

rect "total" amount of benefits owing to plaintiff is indeed in good faith disputed.[2]

Jurisdiction being established, we reach the issue of whether the regulations of the Vermont Department of Social Welfare requiring a sixty day waiting period in estrangement or desertion cases conflicts with section 406(a) of the Social Security Act, 42 U.S.C. § 606(a), and HEW regulations enacted pursuant thereto.[3]

Section 406(a) of the Social Security Act[4] defines a "dependent child" as "a needy child * * * who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent * * *." 42 U.S.C. § 606(a). This section was interpreted in King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), in which the Supreme Court extensively examined the legislative history of AFDC. It was there determined that the protection of dependent children is the paramount goal of AFDC. 392 U.S. at 325, 88 S.Ct. 2128. The Vermont regulations in question providing for a sixty day waiting period to establish continued absence of a parent must be tested in the light of that goal.

Section 406(a) of the Social Security Act contains no such rigid waiting period to establish "continued absence." On the contrary, HEW regards waiting

---

2. See Roberts v. Harder, 440 F.2d 1229, 1230 (2d Cir. 1971) where the Court said: "In *Johnson* we further refined this [*Hague*] standard as applied in the context of welfare recipients, and there held that where disputes exist as to the *total* amount of the payments to which a recipient is entitled, jurisdiction will be upheld * * * under the Stone formula." (citation omitted) (emphasis added).

3. *See also* § 402(a) (10), 42 U.S.C. § 602(a) (10) (Supp. V, 1965–69); Stoddard v. Fisher, 330 F.Supp. 566 (D.Me. 1971) (three-judge court); AFDC Eligibility Requirements Unrelated to Need: The Impact of King v. Smith, 118 U.Pa. L.Rev. 1219, 1235–37 (1970).

4. This section reads as follows:
(a) The term "dependent child" means a needy child (1) who has been deprived

of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, or (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment;

periods as undesirable. Handbook of Public Assistance Administration, Pt. IV, § 3422.5(1) (1969) (hereinafter cited as *Handbook*). Although *Handbook* regulations are not published under the Federal Administrative Procedure Act, they are nonetheless valid and binding upon a State welfare agency because the agency is on actual notice thereof. *See* Thorpe v. Housing Authority of the City of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); Boddie v. Wyman, 434 F.2d 1207, 1211 (2d Cir. 1970).

Moreover, new HEW regulations reinforce a conclusion of fatal inconsistency with federal law of a sixty day waiting period to establish continued parental absence.[5]

The issue of a waiting period to establish continued absence of a parent has been passed upon by other courts. Damico v. California, 2 CCH Pov.L.Rep. ¶ 10,478 (D.Cal.1969); Doe v. Hursh, No. 4–69–Civil 403 (D.Minn. June 30, 1970).

Both courts cited *Handbook* § 3422.2 in reaching the conclusion that a ninety day waiting period regulation is inconsistent with federal law. Similarly, both were in agreement that a ninety day waiting period creates a conclusive presumption that absence of a parent for less than ninety days is not continued absence from home when "continued absence" is necessarily a question of fact. In like respect does the Vermont regulation operate. No evidence is permitted to rebut Vermont's sixty day period which is in effect a conclusive presumption exercised against the welfare recipi-

ent, regardless of the relevant factual situation facing such recipients.

 In light of the foregoing, we feel that the sixty day waiting period is no more supportable than one of ninety days and that federal law mandates our finding that the Vermont regulations providing for a sixty day waiting period to establish continued absence of a parent from the home are void, because they are in conflict with section 406(a) of the Social Security Act, 42 U.S.C. § 606 (a), and HEW regulations enacted pursuant thereto. *See generally, e. g.*, Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Moreover, we feel that the Vermont regulations in suit thwart the paramount goal of the AFDC program, the protection of dependent children, by allowing a conclusive presumption of ineligibility to operate against such children for a period of sixty days, notwithstanding the fact that all the evidence demonstrates actual and permanent absence.

We intimate no opinion as to the merits of plaintiff's claim as to the legality of the amended Vermont regulations now providing for a thirty day waiting period[6] to establish continued absence of a parent. Plaintiff represents only that class who, like herself, were subject to the sixty day rule and damaged thereunder. Nothing in the Vermont regulations as they now exist with respect to continued absence of a parent "adversely affects either [her] present interests,

---

5. 36 Fed.Reg. 3868 (Feb. 27, 1971), adding 45 C.F.R. § 233.90(c) (iii), provides as follows:

 (iii) *Continued absence of the parent from the home.* Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care when the parent is out of the home, the nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and the known or *indefinite* duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child. If these conditions exist, the par-

 ent may be absent for any reason, and *he may have left only recently* or some time previously. [emphasis added.]
 Of course defendant could not have known about these new federal regulations published on Feb. 27, 1971, at the time of adopting its sixty day rule. The new regulation clearly supplements the conclusion that a sixty day waiting period is *contrary to federal law.*

6. However, see 36 Fed.Reg. 3864 (Feb. 27, 1971), adding 45 C.F.R. § 206.10(a) (3):
 A decision will be made *promptly* on applications, pursuant to reasonable State-established time standards not in excess of 30 days for * * * A.F.D.C. * * *." [emphasis added.]

**872**

or [her] interests at the time this litigation was commenced." Hall v. Beals, 396 U.S. 45, 48, 90 S.Ct. 200, 202, 24 L.Ed.2d 214 (1969). Nor can plaintiff represent a class of which she is not a part. Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

Accordingly, it is the order of this Court that plaintiff be reimbursed the $78.78 of which the operation of the Vermont sixty day regulation deprived her. In plaintiff's case, the defendant admits that plaintiff in retrospect was first actually eligible upon her initial application. As to the rest of the class represented by plaintiff, time of initial eligibility is a question of fact. *See* Damico v. California, *supra.* With this in mind, we remand plaintiff's claim on behalf of the class, other than herself, to the Vermont Department of Social Welfare for its determination of payments, if any, due and owing to other members of the class, in light of this decision, the applicable regulations of the United States Department of Health, Education and Welfare and of the Vermont Department of Social Welfare. Authority for affording such relief upon a remand to the State agency is found in Solman v. Shapiro, 300 F.Supp. 409 (D. Conn.1969) (three-judge court).