Geraldine SMITH, Plaintiff-Appellant,

v.

Gail S. HUECKER et al., Defendants-Appellees.

No. 75–1870.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1975.

Decided March 10, 1976.

Lawrence S. Elswit, Legal Aid Society of Louisville, Inc., Louisville, Ky., for plaintiff-appellant.

Ann T. Hunsaker, Dept. of Human Resources, Kenneth A. Howe, Jr., Frankfort, Ky., for defendants-appellees.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and MARKEY, Chief

---

8. Appendix at 19.

Judge, U. S. Court of Customs and Patent Appeals.*

MARKEY, Chief Judge, United States Court of Customs and Patent Appeals.

The district court granted defendants' (Kentucky) motion for summary judgment and dismissed the complaint. In denying plaintiffs' (Mrs. Smith) motion for summary judgment, the court held that Kentucky's thirty-day period was a reasonable measure of the parental "continued absence from the home * * *" required for eligibility to receive Aid to Families with Dependent Children (AFDC). We affirm.

### Background

On February 3, 1974, Mrs. Smith and her minor children returned to Kentucky from Texas where her husband remained. Three days later Mrs. Smith sought to apply for AFDC benefits under 42 U.S.C. § 601 et seq. (Social Security Act). Though granted immediate and continuing emergency assistance, Mrs. Smith was originally informed that she was "ineligible to apply" for AFDC benefits. She was, however, subsequently permitted to file an application bearing the date on which she first sought to apply, i. e., February 6, 1974. Though Mrs. Smith's application was accepted and processed, her eligibility for AFDC benefits was delayed under Kentucky regulations, until her husband's "continued absence from the home" had endured for thirty days.

Because the federal legislation creating AFDC does not define "continued absence from the home" in terms of a fixed time period, Mrs. Smith challenged Kentucky's thirty-day requirement as being repugnant to the federal legislation. The district court held that the state interests in efficient administration of AFDC, and in insuring that limited AFDC funds be disbursed to those "genuinely incapacitated and most in need," permitted state determination of what constitutes a parent's "continued ab-

sence." After noting that parental absence could last from minutes to years in desertion and abandonment cases, the court stated:

> The only way the defendant can be reasonably sure that the abandonment or desertion will interrupt the parent's functioning as a provider of maintenance, etc., in such a way as to make it a continuous, uninterrupted absence, is to require that the absence be for a reasonable length of time. Certainly, it is within the legitimate field of state administration for the defendants to take reasonable measures to insure eligibility to receive assistance funded by the taxpayers.

### Issues

The sole issue before us is whether Kentucky's thirty-day period of absence is a reasonable interpretation of the AFDC provision basing eligibility on "continued absence" and is directed toward a legitimate state interest.

### OPINION

The paramount goal of AFDC is protection of dependent children. *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). For AFDC purposes a "dependent child" is defined in 42 U.S.C. § 606(a) as:

> * * * *a needy child* (1) who has been *deprived of parental support or care by reason* of the death, *continued absence from the home,* or physical or mental incapacity of a parent * * *. (emphasis added).

Death, physical incapacity, or mental incapacity are readily ascertainable evidence of a child's deprivation of parental support. When parental absence from the home is caused by penal incarceration, deportation, or military service, the "continued" nature of that absence is reasonably assured from the beginning of the absence. See *Carleson v. Remillard,* 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972).

---

* Sitting by designation.

Voluntary parental absence from the home, however, is within the absent parent's control. That parent is free to return home at any time and the continuing nature of the absence may not be readily apparent. Mere absence cannot from its onset establish that it will be continued. It is only in relation to such voluntary parental absence that Kentucky insists on a thirty-day duration by which to measure the "continued" nature of the absence for AFDC eligibility.

Mrs. Smith argues that because the Social Security Act does not require that an absence be for a definite time before it may be considered a "continued absence," Kentucky's thirty-day definition violates the intent and purpose of that Act and the equal protection clause of the Fourteenth Amendment. We cannot agree. For AFDC purposes, federal regulation 45 C.F.R. § 233.-90(c)(1)(iii) states the definition of "continued absence from the home" as:

> Continued absence of the parent from the home constitutes the reason for deprivation of parental support or care when the parent is out of the home, the nature of the absence is such as either to interrupt or to terminate the parent's functioning as a provider of maintenance, physical care, or guidance for the child, and the known or indefinite duration of the absence precludes counting on the parent's performance of his function in planning for the present support or care of the child. If these conditions exist, the parent may be absent for any reason, and he may have left only recently or some time previously.

We consider thirty days a duration of absence which may reasonably preclude "counting on the parent's performance of his function in planning for the present support or care of the child" and, hence, as an appropriate measure of the parent's "continued absence from the home."

Sixty-day and ninety-day periods defining "continued absence" have been found unreasonable in other jurisdictions. *Linnane v. Betit,* 331 F.Supp. 868 (D.Vt.1971); *Doe v. Hursh,* 337 F.Supp. 614 (D.Minn. 1970). Though the court in *Linnane* found the sixty-day period to be unreasonable, it expressly declined to express an opinion on Vermont's amended regulations replacing the sixty-day period with one of thirty days.

We agree with the court below that Kentucky has a valid state interest in insuring that only eligible persons receive AFDC benefits. When ineligible persons are permitted to draw benefits from the program, the available funds to aid eligible persons are reduced and accordingly, those most in need may be deprived of the aid to which the law entitles them. The district court committed no error in finding that Kentucky's thirty-day absence requirement in voluntary absence cases of the type before us is a reasonable effort to meet that state interest.

Accordingly, the decision of the district court is *affirmed.*